FILED

OCT 20 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CINDY LEE, | No. 13-15524 |
| Plaintiff - Appellant, | D.C. No. 1:11-cv-00782-LEK-BMK |
| v. | |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY, a Maryland corporation; DOES, One through One Hundred, inclusive, and each of them, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted October 16, 2015[**]
Honolulu, Hawaii

Before: O'SCANNLAIN, TALLMAN, and M. SMITH, Circuit Judges.

Cindy Lee challenges a district court order denying her underinsured

motorist (UIM) coverage. Specifically, Ms. Lee claims that GEICO was statutorily

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

required to reoffer her UIM benefits after her daughter and two vehicles were added to her auto insurance policy, and that because GEICO did not make this offer, she is entitled to receive those benefits as a matter of law. We have jurisdiction under 28 U.S.C. § 1291 and review *de novo* the district court's decision to grant GEICO summary judgment. *Szajer v. City of Los Angeles*, 632 F.3d 607, 610 (9th Cir. 2011).

**1.** The district court concluded that, under *Allstate Ins. Co. v. Kaneshiro*, 998 P.2d 490 (Haw. 2000), no material changes were made to Ms. Lee's insurance policy. This was not error, as the *Kaneshiro* court indicated that there would be no material change where an individual is added, vehicles are added, and premiums increase, but the named insured remains the same on the policy. *See id.* at 500. Thus, the district court correctly concluded that because Ms. Lee and her husband remained as named insureds on the policy, the addition of vehicles and the addition of a driver were not material changes.

**2.** Ms. Lee also argues that the district court erred when it placed the burden of proof on her as the insured. But the district court simply recited a correct statement of Hawaiian law: that insureds have the initial burden of proving coverage under a policy. *See Sentinel Ins. Co. v. First Ins. Co. of Haw.*, 875 P.2d 894, 909 n. 13 (Haw. 1994). To do so was not error.

**AFFIRMED**.